OPINION
{¶ 1} This appeal arises from the Geauga County Court of Common Pleas, Domestic Relations Division, wherein appellant/cross-appellee, William T. Wholf (hereinafter referred to as appellant), appeals the judgment of the trial court, granting appellee/cross-appellant's motion to modify the shared parenting decree.
 {¶ 2} William and appellee/cross-appellant, Amy D. Wholf (hereinafter referred to as appellee), were married on August 22, 1993. There was one child born of the marriage, William. On July 28, 1999, appellant filed a complaint for divorce. On September 20, 2000, the trial court granted the divorce and ordered into effect the shared parenting decree. The decree established an agreed-upon fifty/fifty shared placement schedule. Both parents were granted legal custody and residential parent status, and the child spent alternating weeks with each parent.
 {¶ 3} On June 3, 2002, appellee filed a motion to modify the shared parenting decree, as the child was reaching school age and would begin attending preschool in August 2002, followed by kindergarten in August 2003. In her proposed modification to the shared parenting decree, appellee requested residential parent status for the child during the school week, with visitation for appellant on alternating weekends. Appellee believed the alternating week visitation arrangement would not properly accommodate the child's school schedule. Appellant filed a motion to modify the shared parenting decree on July 24, 2002. In his motion, appellant requested that he be granted residential parent status during the school week, with alternating weekend visitation for appellee.
 {¶ 4} A hearing was held, at the conclusion of which the magistrate issued a decision. The magistrate recommended that appellee be designated the residential parent for school purposes with alternating weekend visitation for appellant. The magistrate's conclusions of law stated that, pursuant to R.C.3109.04(E)(1)(a), there had been a change of circumstances to-wit: the child had now reached school age. Moreover, the magistrate concluded that appellee was more likely to "honor and facilitate the flexibility that is contemplated in the parties Shared Parenting Plan."
 {¶ 5} Appellant filed his objections to the magistrate's decision on February 11, 2003. On March 5, 2003, the trial court adopted the magistrate's decision with only limited modifications to the findings of fact. Appellant subsequently filed his timely notice of appeal.
 {¶ 6} Appellee filed a response to appellant's objections and also filed objections to the magistrate's decision. Her objections were not timely filed, however, and were, therefore, overruled. Appellee subsequently filed a notice of appeal with this court. Counsel for appellee filed a motion to withdraw, which was granted. The appeal proceeded with appellant filing his brief and assignment of error. The time in which appellee was to file her answer brief and cross-assignments of error lapsed. Appellee subsequently retained new counsel and sought an extension of time within which to file her brief. With leave of this court, appellee subsequently filed her brief on September 15, 2003. However, appellee does not present any cross-assignments of error in her brief. Thus, we shall proceed with addressing appellant's single assignment of error presented on appeal:
 {¶ 7} "Whether the trial court abused its discretion and erred as a matter of law when it granted appellee/mother's motion to modify shared parenting decree and denied appellant/father's motion to modify shared parenting decree."
 {¶ 8} Appellant contends that the trial court abused its discretion when it failed to cite competent evidence that appellant was less likely to honor and facilitate the flexibility that is contemplated in the shared parenting decree.
 {¶ 9} Pursuant to R.C. 3109.04(E)(1)(a):
 {¶ 10} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on the facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 11} "* * *
 {¶ 12} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 13} R.C. 3109.04(F)(1) enumerates factors to be considered when determining whether a modification of a shared parenting decree is in the best interest of the child, it reads, in pertinent part:
 {¶ 14} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 15} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 16} "(b) [not applicable];
 {¶ 17} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 18} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 19} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 20} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 21} "(g) [not applicable];
 {¶ 22} "(h) [not applicable];
 {¶ 23} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 24} "(j) [not applicable]."[1]
 {¶ 25} A trial court, as trier of fact, should be given wide latitude in determining whether a change of circumstances has occurred.[2] Moreover, such a decision by the trial court will not be overturned absent an abuse of discretion.[3]
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[4]
 {¶ 26} In the instant case, appellant contends that the trial court abused its discretion in determining that appellee was more likely to "honor and facilitate the flexibility that is contemplated in the parties' shared parenting plan."
 {¶ 27} A review of the record and transcript of the modification hearing, as well as the magistrate's decision, reveals that the magistrate carefully weighed the factors enumerated in R.C. 3109.04(F)(1). Testimony was provided by both parties as to the environment in which the child participated at each parent's home. Both parties have remarried and have step-children living within their respective homes, either full-time or on a fixed visitation schedule. Both parties testified that the child has adjusted to his new step-parents and step-siblings well.
 {¶ 28} Both parties agreed that there were no problems with visitation during the duration of the prior shared parenting decree. Appellee did testify at the hearing that appellant had requested additional visitation with the child in order to accommodate family events and other activities. She also testified that she kept appellant informed regarding upcoming events at school that would occur while the child was visiting with appellant so that he could attend them. She also testified that on a few occasions she requested additional visitation time with the child, in order to allow him to visit out-of-town relatives and to attend a friend's birthday party. Appellant did not allow for that extra visitation time. However, other than these instances, both parties abided by the fifty-fifty visitation terms of the prior decree.
 {¶ 29} We agree with the findings by the magistrate, which were ultimately adopted by the trial court, concluding that, in light of the statutory factors and all evidence presented, appellee should be granted residential status for school purposes. Although both parties presented evidence that the child was happy and thrived in both households, the existing fifty-fifty split of visitation is not conducive to a school-age child's schedule. Thus, the trial court properly concluded that a change in circumstances had occurred and that a modification of the shared parenting decree was necessary to serve the best interest of the child.[5]
 {¶ 30} We agree with the trial court's determination that it was in the best interest of the child to modify the parenting decree and award appellee residential status for school purposes based on the evidence in the record. However, it is unclear from the record that a clear determination can be made that appellee is more likely to "honor and facilitate" the contemplated shared parenting agreement when the record demonstrates that both parties adhered to the prior visitation plan. We do not find, however, that it was an abuse of discretion to ultimately conclude that appellee should be granted residential status for school purposes. The record supports the conclusion that granting appellee such status was in the best interest of the child.
 {¶ 31} Therefore, the trial court did not abuse its discretion and properly applied the statutory factors and concluded that there had been a change in circumstances and that the modification of the shared parenting decree was warranted. Moreover, the court properly found that appellee should be granted residential parent status for schooling purposes.
 {¶ 32} Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
Christley, J., concurs with Concurring Opinion,
Grendell, J., concurs in judgment only with Concurring Opinion.
[1] R.C. 3109.04(F)(1).
[2] Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph two of the syllabus.
[3] Id., at paragraph one of the syllabus.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] R.C. 3109.04(E)(1)(a).